IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICARDO SABEDRA, ID # 395270, | ) | |
|     Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 3:05-CV-1304-L |
| | ) | |
| CHRISTINE MEADOWS, et al., | ) | |
|     Respondents. | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

On March 14, 2005, the United States District Court for the Eastern District of Pennsylvania received the instant petition for writ of habeas corpus. On May 4, 2005, that court ordered the action transferred to this Court. On June 27, 2005, this Court received the transferred action. On January 23, 2006, the Court received an amended petition and an application to proceed *in forma pauperis*. For the reasons that follow, the Court should summarily dismiss this action.

### II. LITIGATION HISTORY AND PRIOR SANCTIONS

Plaintiff has pursued forty-seven various actions in federal court since 1993, including numerous habeas actions.[1] Many of these actions were dismissed as frivolous pursuant to the Prison Litigation Reform Act. Several actions resulted in sanctions imposed against petitioner. The Court

---

[1] Like the instant action, some of the cases commenced in one court and ended in a different court after a transfer. The forty-seven cases thus include both the original case and the same case after transfer.

will not exhaustively detail such dismissals or sanctions. It will instead address the most relevant of the imposed sanctions for purposes of the instant action – sanctions imposed by this Court in 2001.

On September 25, 2001, this Court banned petitioner "from filing any additional federal lawsuits without leave of court" and sanctioned him "in the amount of $100.00." *See Sabedra v. Cockrell*, No. 3:01-CV-0961-X (N.D. Tex.) (Judgment signed Sept. 25, 2001). On December 18, 2001, the Court prohibited petitioner from filing any complaint *in forma pauperis* without leave of court, and ordered him to pay a $100.00 sanction before "the clerk of the court may accept any additional complaint from him, including a complaint for which he has tendered the required filing fee." *See Sabedra v. Cockrell*, No. 3:01-CV-0944-D (N.D. Tex.) (Judgment signed Dec. 18, 2001). This Court has previously denied petitioner leave to pursue a successive § 2254 petition for writ of habeas corpus because petitioner had not paid the two previous $100 sanctions. *See Sabedra v. Cockrell*, No. 3:03-MC-0061-P (N.D. Tex.) (findings, conclusions, and recommendation dated July 25, 2003, and order accepting findings dated August 11, 2003).

In this case, petitioner has not indicated that he has paid the previously imposed monetary sanctions. Moreover, he has not sought nor obtained leave of court to file the instant action. The failure to seek leave of court violates the express sanction entered in *Sabedra v. Cockrell*, No. 3:01-CV-0961-X (N.D. Tex.). This Court observes and enforces sanctions previously imposed in the Northern District of Texas. *See, e.g., Sabedra v. Cockrell*, No. 3:03-MC-0061-P (N.D. Tex.) (showing such enforcement); *cf.* Misc. Order 48 (indicating that this Court observes and enforces sanctions imposed by other federal courts). Sanctions would be meaningless if they were not observed and enforceable in later actions. When the Court has required a party to obtain judicial pre-approval before filing an action and the party disregards such requirement, the action should be dismissed.

*See Williams v. Bill Clement Unit*, No. 3:01-CV-1836-P, 2001 WL 1524438, at *1 (N.D. Tex. Nov. 28, 2001) (order accepting recommendation that case be dismissed for failure of plaintiff to obtain judicial pre-approval before filing the action as required by previously imposed sanction). Accordingly, the Court should summarily dismiss this action.[2]

### III.  ADDITIONAL SANCTIONS

The Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Plaintiff has pursued numerous actions in the various federal district courts in Texas and in the United States District Court for the Eastern District of Pennsylvania. Despite the previous sanction imposed by this Court in September 2001, petitioner has filed several actions without first obtaining leave of court. Although the prior sanction has appeared to slow petitioner's filings

---

[2] Because petitioner is barred from filing this action without leave of court, the Court has no need to address petitioner's application to proceed *in forma pauperis*.

between late 2001 and now, petitioner recently commenced this action and anther one in contravention of the September 2001 sanction. In view of these recent filings in disregard of that sanction, the Court should enter a sanction order similar to the following:

> In addition to any other sanctions imposed against him, petitioner is **HENCEFORTH PROHIBITED** from filing any civil action, including a habeas action, in federal court unless he has obtained leave of court through a proper motion for leave. For purposes of this sanction, "filing" includes civil actions received via transfer or removal. Petitioner, furthermore, may not obtain leave of Court without providing proof that he has paid all monetary sanctions imposed against him. In addition, leave of court may be denied solely because the request for leave does not adequately show that the pleading will overcome all relevant procedural hurdles, such as successiveness, limitations, exhaustion, procedural default, etc.
> In the event that this Court receives a transferred or removed civil action involving petitioner, he shall seek the requisite leave of court within thirty days of the date of the order of transfer or removal or the Court will summarily dismiss the action. In the event that the Court receives a pleading from petitioner without the requisite motion for leave or receives a motion for leave from him that is unaccompanied by the requisite proof of payment, the Court hereby directs the Clerk of the Court to docket the filing for administrative purposes only and immediately close the case after placing a copy of this Order in the case file. The Court will not otherwise address or acknowledge submissions that are unaccompanied by a motion for leave or that do not show proof that the monetary sanctions have been paid.
> Petitioner is admonished that he should consider the above sanctions applicable to civil actions sought to be filed in any federal court, unless he receives notice that the court receiving his proposed filing will not give effect to the sanction orders of this Court. To aid in giving effect to such sanctions, the Clerk of the Court is directed to transmit a copy of this sanction order to every federal district court in Texas and to the United States District Court for the Eastern District of Pennsylvania located in Philadelphia, Pennsylvania.

### IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court **SUMMARILY DISMISS** the instant action for petitioner's failure to comply with the sanction imposed in *Sabedra v. Cockrell*, No. 3:01-CV-0961-X (N.D. Tex.) that he obtain judicial pre-approval before filing any federal lawsuit. Consistent with that sanction, petitioner may not re-file his habeas petition without first obtaining

permission from the Court. It is further recommended that the Court enter a sanction order as set forth herein.

**SIGNED this 5th day of May, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE